IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN K. WARD and SUSAN WARD, Husband and Wife,<br><br>Plaintiffs,<br><br>V.<br><br>ASC LEASING VI INC., OSG SHIP MANAGMENT, INC., *in personam*, and the OVERSEAS BOSTON, Official Number 1207239, *in rem,*<br><br>Defendants. | AT LAW AND IN ADMIRALTY<br><br>**Case No. 2:15-cv-211**<br><br>**VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM* FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM**<br><br>**Jury Trial Demanded** |

### CLAIMS AGAINST THE DEFENDANTS

Come now the plaintiffs, John K. Ward and Susan Ward, Husband and Wife, and for their complaint against the Defendants, allege:

### I.   JURISDICTION & VENUE

1.1   This is a claim for personal injuries sustained by a maritime pilot against ASC LEASING VI INC., OSG SHIP MANAGEMENT, INC., the owners and operators of OVERSEAS BOSTON, *in personam*. This is also an *in rem* claim against the OVERSEAS BOSTON. Susan Ward also makes a claim for loss of consortium. The Plaintiffs are citizens of the State of

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 1

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

Washington. The Defendant Corporations are citizens of a state other than the State of Washington. The amount in controversy exceeds $75,000 exclusive of interest and costs. It is respectfully submitted that this Honorable Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332(a)(1).

1.2   This Honorable Court also has jurisdiction of the *in rem* claim against the vessel pursuant to 28 U.S.C. § 1333.

1.3   Pursuant to 28 U.S.C. § 1391(b)(1) & (2), and the Local Rules for the United States District Court for the Western District of Washington, venue for this action lies in Seattle, Washington.

## II.   THE PARTIES

2.1   Plaintiff John Ward, a maritime pilot, served as a compulsory pilot to the OVERSEAS BOSTON. Susan Ward is Pilot Ward's spouse and pursues a claim for loss of consortium. The Wards are citizens of the State of Washington.

2.2   Defendant OSG Ship Management, Inc. is a corporation or some other legally recognized entity. At all times relevant hereto, this Defendant operated the OVERSEAS BOSTON. Defendant OSG Ship Management, Inc. is a citizen of some state other than Washington.

2.3   Defendant OSG Ship Management, Inc. manages a fleet of ten American Flag petroleum transporting vessels. The Defendant also manages other tankers, both foreign and American. The Defendant's ships OVERSEAS BOSTON, OVERSEAS NIKISKI, OVERSEAS LOS ANGELES, and OVERSEAS MARTINEZ are currently sailing the American West Coast.

2.4   Defendant ASC LEASING VI, Inc., is a corporation or some other legally recognized entity. This Defendant is the registered owner of the OVERSEAS BOSTON. At all

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 2

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

times relevant hereto, this Defendant owned and/or operated the OVERSEAS BOSTON. Defendant ASC LEASING VI, Inc. is a citizen of some state other than Washington.

2.5   Defendant OVERSEAS BOSTON, Official Number 1207239, is a tank ship 183.21 meters long, 32.2 meters in breadth and 29,242 Gross Tons. The OVERSEAS BOSTON flies the U.S. Flag and makes regular trips between Anacortes, Washington and ports in California. The ship will moor in Anacortes, Washington during the pendency of this matter.

### III.   BACKGROUND FACTS

3.1   Defendant OSG Ship Management, Inc. operates a fleet of American flag tankers, some of which operate on the American West Coast.

3.2   The Defendants' ships and the OVERSEAS BOSTON are subject to 46 U.S.C. § 3202(a).

3.3   46 U.S.C. § 3204 required the Defendants to establish a Safety Management Plan and to have that plan approved by the United States Coast Guard.

3.4   Pursuant to the authority granted by 46 U.S.C. §§ 3202(a) and 3204, the Secretary adopted safety regulations. The regulations provide in pertinent part:

> Major non-conformity means an identifiable deviation which poses a serious threat to personnel or vessel safety or a serious risk to the environment and requires immediate corrective action; in addition, the lack of effective and systematic implementation of a requirement of the ISM Code is also considered a major non-conformity.

33 C.F.R. § 96.120.

The safety management system must:

> Provide for safe practices in vessel operation and a safe work environment onboard the type of vessel the system is developed for;
>
> Establish and implement safeguards against all identified risks[.]

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 3

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

33 C.F.R. § 96.230.

The Defendants' Safety Management Plan was required to implement:

> (d) Procedures for reporting accidents, near accidents, and non-conformities with provisions of the company's and vessel's safety management system, and the ISM Code[.]

33 C.F.R. § 96.240.

3.5     These statutes and safety regulations required the Defendants to develop and implement a Safety Management Plan that would immediately remedy major non-conformities that posed a risk to persons employed in any connection with the ship.

3.6     The Defendants established a Safety Management Plan.

3.7     The Defendants appointed a "Responsible Person" to be in charge of enforcing the Plan.

3.8     Based upon information and belief, OSG Ship Management, Inc. provided the shore-side management for the Safety Management Plan for the OVERSEAS BOSTON, as well as the other American flag ships in its fleet.

3.9     Problems with pilot ladders on any of the Defendants' American Flag ships would be known to the Responsible Person.

3.10    Problems with pilot ladders on any of the Defendants' American Flag ships should have been known to the Responsible Person.

3.11    As a shipowner and operator, the Defendants were required to provide Pilot Ladders to board the vessel.  46 U.S.C. § 32.90-1.

3.12    In the maritime industry it is universally understood that if the pilot ladders are defective in almost any way, pilots are at risk of serious injury or death while they are boarding

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 4

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

ships. *See e.g.* 46 C.F.R. § 35.05-1; M. Armstrong, Pilot Ladder Safety, (6th Ed. 2012); SOLAS Chapter V Regulation 23 (Pilot transfer arrangements).

3.13   The Defendants' ships call in Prince William Sound, Alaska.

3.14   In 2014, there were at least three pilot ladder incidents with the Defendants' ships in Prince William Sound.

3.15   The Defendants' ships employed a pilot ladder magnet that was manufactured by PTR Holland, a company located in the Netherlands.

3.16   The PRT Holland pilot ladder magnets are designed and constructed to be affixed to the ship's hull fore and aft of the pilot ladder.  Thus, the PTR Holland system requires that two independent magnets be used. The magnets are then secured to the pilot ladder with a soft line.



3.17   The Defendants altered the PTR Holland pilot ladder magnets by adding a bracket to go over both of the pilot ladder's vertical sides.  Thus, only one magnet was used.  The PTR Holland design was also modified with the addition of brackets that served as a remote quick release.  This remote quick release bracket was attached to a soft line.

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 5

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100



3.18  Based upon information and belief, the Defendants never vetted these modifications with PTR Holland.

3.19  Based upon information and belief, PTR Holland never authorized these modifications to its pilot ladder magnet system.

3.20  Based upon information and belief, PTR Holland, if asked, would not have authorized these modifications to its pilot ladder magnet system.

3.21  The modifications to the PTR Holland pilot ladder magnet system defeated all of the safety engineering and testing that PTR Holland conducted before it sold the pilot ladder magnets.

3.22  Aboard the Defendants' ships, in Prince William Sound, three Pilots had dangerous incidents with the Defendants' modified pilot ladder magnets.

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 6

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

3.23   All of these encounters occurred before Pilot Ward was injured.

3.24   In 2014, before Pilot Ward was injured, Captain Martin spoke with the Defendants' Safety Manager and warned him about the dangers presented to the pilots using the pilot ladders by the Defendants' pilot ladder magnets.

3.25   Under Federal Statutes and Safety Regulations, the Defendants were required to document Captain Martin's report, do a root cause analysis, and to make changes to eliminate the dangers caused by the modified PTR Holland pilot ladder magnets.

3.26   The Defendants' ships also call at various California ports. On September 4, 2014, the Defendants' Ship OVERSEAS NIKISKI was entering the San Francisco harbor area.

3.27   Captain Ridens, a San Francisco Bar Pilot, was assigned to the ship. As he was aboard the pilot ladder, the modified magnet fell off the ship, striking Captain Ridens' head and knocking his glasses to the deck of the pilot boat below.

3.28   The OVERSEAS NIKISKI's mate observed this magnet failure.

3.29   On September 8, 2014, Pilot Ward was assigned the task serving as the pilot for the OVERSEAS BOSTON.

3.30   Pilot Ward boarded the Puget Sound Pilots' pilot boat at the dock located on Ediz Hook, Port Angeles, Washington.

3.31   The pilot boat transported Pilot Ward to the OVERSEAS BOSTON, which was maneuvering on a course of 70 degrees at 8 knots.

3.32   The OVERSEAS BOSTON had prepared the pilot ladder so that Pilot Ward could board the ship.

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 7

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

3.33   Unknown to Pilot Ward or the Puget Sound Pilots' Association, but well known to the Defendants, there had been dangerous problems with the modified PTR Holland magnets that the Defendants used to attach the pilot ladders to the ship's hull.

3.34   The cause of the dangerous condition was that the Defendants improperly modified the magnets which had the tendency to disconnect from the hull and strike the pilot using the ladder.

3.35   In this particular case, an improperly modified pilot ladder magnet broke loose, fell several feet, striking Pilot Ward on the head.

3.36   If the Defendants had simply used the PTR Holland magnets as designed, Pilot Ward would never have been injured.

### IV.   NEGLIGENCE

4.1   For their cause of action for General Maritime Law negligence, the Plaintiffs incorporate by reference Paragraphs 3.1 to 3.37 above and further allege as follows.

4.2   The Defendants violated mandatory safety rules imposed upon the Defendants by the United States Code and the Code of Federal Regulations.

4.3   The Defendants failed to provide Pilot Ward with a safe place to work.

4.4   The Defendants failed to provide Pilot Ward with a proper pilot boarding ladder, as required by the Code of Federal Regulations.

4.5   The Defendants failed to warn Pilot Ward, or the Puget Sound Pilots Association, of the multiple previous failures of the modified magnet system.

4.6   The Defendants failed to do a proper root cause analysis and risk analysis after multiple pilot ladder magnet failures.

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 8

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

4.7     The Defendants failed to exercise reasonable care to provide Pilot Ward with a safe pilot ladder.

4.8     The Defendants failed to provide adequate, proper, and sufficient hazard prevention controls on the day that Pilot Ward was injured.

4.9     The Defendants intentionally modified the PTR Holland pilot ladder magnet system.

4.10    The failure of the modified magnet system presented an obvious risk of serious injury or death to the pilots using the Defendants' pilot ladders.

4.11    Nevertheless, despite this obvious risk of serious injury or death, the Defendants continued to use the modified magnet system until the United States Coast Guard prevented the Defendants from doing so.

4.12    The Defendants' statutory and regulatory violations make the Defendants negligent *per se*.

4.13    The Defendants were negligent in other and further particulars to be proven at trial.

## V.     NO COMPARATIVE FAULT

5.1     Pilot Ward was aboard the pilot ladder with the Defendants' permission. The Defendant never warned Pilot Ward about all the other dangerous incidents with the modified magnets. Pilot Ward did nothing wrong to cause the pilot ladder magnet to fall off. Pilot Ward is not comparatively at fault.

## VI.    NO ASSUMPTION OF THE RISK

6.1 Pilot Ward was legally upon the pilot ladder at the time that he was injured. Pilot Ward was using the Defendants' pilot ladder, which was needlessly and inherently dangerous and which, unknown to him at the time, presented a significant risk of catastrophic injury or death to a pilot

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 9

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

using the same.  Pilot Ward did not assume the risk of working with an inherently and needlessly dangerous piece of equipment.  *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 63 S.Ct. 444 (1943).

### VII.   DAMAGES

7.1   As a direct and proximate result and/or legal cause of the negligence of the Defendants, plaintiff sustained multiple injuries including, but not limited to: head injury, neck injury, traumatic brain injury, and other neurological injuries.  The full extent of his injuries is presently undetermined.  He has suffered pain, anguish, and disability in the past and will in the future. He has incurred medical expenses in the past and may in the future.  The full extent of the impairment to his wage-earning capacity is presently undetermined.  He has lost wages in the past and will lose wages in the future.

7.2   As a direct and proximate cause of the Defendants' negligence, Susan Ward has suffered loss of consortium with her husband.  Susan Ward is entitled to full and fair compensation as provided by law for this loss.

### VIII.   PUNITIVE DAMAGES

8.1   The Defendants acted intentionally in modifying the PTR Holland pilot ladder magnets.  The Defendants' actions violated United States Coast Guard safety rules.  The Defendants were on notice that the modified magnets were detaching from the ships' hulls and striking the pilots while they were aboard the pilot ladder.  The Defendants were on notice that a pilot ladder magnet detaching and hitting a pilot while he or she was aboard the pilot ladder presented a risk of catastrophic injury or death to the pilot.  The Defendants' failure to use the magnets as designed, and to also discontinue using the modified magnets after the Defendants

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 10

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA  98199
TELEPHONE (206) 282-3100

were warned of the life-threatening danger, was intentional, willful, and in reckless disregard of the pilots' safety. The Defendants are liable for exemplary damages. *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 128 S.Ct. 2605 (2008); *Protectus Alpha Navigation Co. Ltd. v. North Pacific Grain Growers, Inc.,* 767 F.2d 1379 (9th Cir. 1985).

WHEREFORE, plaintiff prays for a joint and several judgment, in accordance with the evidence to be presented at the time of trial and as may be permitted under the General Maritime Law, for all general and special damages permitted under the law including, but not limited to: loss of consortium, entitlements, lost wages both past and future, loss of wage earning capacity, pain and suffering both past and future, temporary disability, permanent disability, past medical bills, future medical bills, future attendant care expenses, mental anguish and loss of life's enjoyments, punitive damages, exemplary damages, together with taxable costs, maritime prejudgment interest, and attorney fees. Plaintiff prays for all remedies and procedures available under the law.

DATED this 11th day of February, 2015.

Respectfully submitted,

BEARD, STACEY & JACOBSEN, LLP

By: */s James P. Jacobsen*
James P. Jacobsen, WSBA #16331
Joseph S. Stacey WSBA# 12840
4039 - 21st Avenue W., #401
Seattle, WA 98199
Telephone: 206-282-3100
Email:
jjacobsen@maritimelawyer.us
jstacey@maritimelawyer.us
Attorneys for Plaintiffs

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 11

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# VERIFICATION

James P. Jacobsen, being first duly sworn, deposes and sayeth: that he has conducted an investigation into this matter and he has interviewed witnesses and examined photographs and documents including the CG 2692 Report.  Furthermore, that he has read the foregoing Complaint and, based upon his investigation and the facts made known to him, that all the facts and allegations therein are true and correct to the best of his knowledge and belief.  That he, as the attorney for John Ward and Sue Ward, is authorized to make to this Verification on behalf of the Plaintiffs.

                    */s James P. Jacobsen*
                    James P. Jacobsen

VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*
FOR PERSONAL INJURY AND FOR LOSS OF CONSORTIUM - 12

BEARD STACEY & JACOBSEN, LLP
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA  98199
TELEPHONE (206) 282-3100